Plaintiff contends that in his two causes of action he has set forth two legal grievances, in that defendants have misused the cash assets of Universal by improperly causing it to purchase its own preferred and common stock and common stock of Decca, to achieve defendants’ personal goals and for no legitimate corporate purpose, and that defendants’ personal goals were to maintain and entrench their control of Universal. The purchases are not attacked as illegal or unauthorized or as poor business judgment exercised fraudulently or in bad faith, but merely to influence control, which in itself is not actionable, particularly in the absence, of any allegation of damage. Indeed, it appears from the pleading that the corporation has profited from the purchases. The claim that the purchases were made for no legitimate purpose is not a statement of wrong or illegal purpose, but amounts to a guess at the motivation and mental reservation of the directors in authorizing the legal purchases.
It is charged that a substantial number of Universal common stock warrants were outstanding, which, if exercised, would result in the issuance of additional Universal shares, thus diluting Decca’s control. Accordingly, defendants schemed to use Universal’s funds to maintain and increase Decca’s control. By a resolution disguising its true purpose, Universal authorized its officers to purchase its own stock in the open market in a number not exceeding the number issued in exchange for warrants after January 1, 1953. The references to both disguise and motive are conclusory. Again, .the purchases are not attacked as ultra vires or as incurring -losses to the corporation, waste of its assets, or benefit to the defendants, save as supporting control. It is not control which injures, but its abuse, unless it is established by appropriate factual allegation that the *426 claimed offending purchases resulted from bad faith in the exercise of business judgment. The object to support control cannot buttress a claim of wrong, if control itself is not offending, lacking an allegation of its abuse to the detriment of the corporation or of profit to the defendants other than the mere fact of control.
The same defects inhere in the second cause, which complains of similar use of Universal funds to purchase Decca common. It is argued that damage is alleged in that a substantial part of the corporate assets were diverted. But this charge could be sustained only if the diversion is shown to a wrongful purpose or in breach of fiduciary duty, fo the corporate injury, or in the exercise of business judgment in bad faith or to the actionable profit of the defendants. It was diverted, admittedly, to the maintenance of control, and a possible shift in control as sought by the relief demanded does not support any actionable claim.
The corporation possesses no cause of action for shift in control, in the absence of allegation of actionable wrong resulting in injury. The claim of detriment by reason of the withdrawal of funds, thus reducing liquidity and the security for the preferred stock, is conclusory and again involves a matter of business judgment. The management of the corporation is not shown, by appropriate allegation of fact, to be improper.
The complaint thus involves merely the exercise of business judgment in the acquisition of stock in the open market, with the use of funds not shown by appropriate factual allegation to have been diverted in bad faith, or from other legitimate purposes, to the corporate detriment, but rather to secure an alleged control which the defendants already enjoyed.
Finally, there is no allegation that corporate power was used to tip the scales in support of a faction or that management was in fact in contest.
The motion is granted with final leave to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.